LYDIA MERCADO SEDA, Plaintiff and Appellant, *v.* JOSÉ MIGUEL RIVERA VERA, Defendant and Appellee.

No. R-65-212.      Decided September 5, 1967.

*Francisco O. Galiano* for appellant.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, Mr. Justice Santana Becerra, and Mr. Justice Dávila.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

Plaintiff-appellant complains of the error committed by the trial court in dismissing the complaint in an action of

filiation "because no strong and convincing evidence and no preponderance of evidence existed which is not necessary to establish filiation." Upon making its conclusions of law, the trial court expressed itself in the following manner, 2–3: "The mother testified that when the girl was born the defendant was attentive to her and to the girl but this circumstance does not mean an acknowledgment nor is it a ground to justify a judgment favorable to the girl. The court bears in mind that defendant was in New York at that time (June 1964) and a complaint had been filed against him and he had been acquitted of abandonment of minors as of the month of October. The grounds for his acquittal are unknown. The action of filiation, however, must rest on its own merits. The parties must be diligent in the defense of their rights. Why did Lydia Mercado Seda not bring or seek to bring the employee of the Registry of Vital Statistics before whom defendant appeared for the purpose of acknowledging plaintiff as his daughter? The court would have placed at plaintiff's disposal all the necessary means to compel the appearance of said employee. This employee's testimony might have been decisive in this controversy. Although it was not alleged and/or established that there existed a state of concubinage or the continuous possession by the plaintiff of the status of natural daughter of the defendant nor specific acts of acknowledgment of the minor by her alleged father (§ 125, Civil Code 1930; § 504, 31 L.P.R.A.) the court could sustain the complaint 'under the doctrine of strong and convincing evidence' or of 'preponderance of the evidence' but in this case neither one nor the other exists. The sole testimony of the mother for the reasons stated in the conclusion of law No. 2 does not constitute the strong and convincing evidence contemplated by the case law. Preponderance of the evidence cannot exist in a case in which the plaintiff's testimony was entirely rebutted by the defendant and there exist situations in plaintiff's conduct inexplicable to the court. She had the

onus probandi in her case and there is no presumption applicable in her behalf."

On October 25, 1965, and by the same attorney of the Legal Aid Society, in charge of the litigation of the poor, who had represented plaintiff-appellant in the trial court, the review was sought of the judgment denying filiation of the indigent minor. The same day, October 25, 1965, the Clerk of this Court requested plaintiff-appellant's attorney to remit the original and nine carbon copies, double spaced, of the complaint, the answer and the findings of the judge and the judgment; eight additional copies of the petition for review and the brief in support of the appeal. On the same date our Clerk communicated with the clerk of the trial court of Mayagüez sending him copy of the petition for review and asking him not to send the original record in this case until further order of this Court.

On November 10, 1965, plaintiff-appellant's attorney, Mr. Francisco A. Galiano, informed the trial court of Mayagüez that, although he was not working at that time for the society in charge of the litigation of the poor, he wanted to continue with the review of the case, as attorney designated by the court without remuneration, until the end of the case, a praiseworthy attitude of which we want to make mention as the most correct and altruistic attitude when a litigation of the poor is involved, and that in order to perfect his petition for review the transcript of the evidence introduced in the case was necessary; on November 12, 1965, plaintiff-appellant's attorney informed this Court that he had ceased rendering services in the Office of Legal Aid of Mayagüez on October 31, 1965, but wanted to continue with this case during its review and requested permission to act as attorney designated by the court and an extension of thirty days, as of October 31, 1965, in order to submit the remaining documents and the brief supporting his petition for review. The trial court did not enter any decision con-

cerning the motion of November 10, 1965, requesting the transcript of evidence; this Court accepted by order of November 29, 1965, the substitution in the representative capacity of plaintiff-appellant's attorney and granted an extension of 30 days "to file his brief and complete the record for review with the documents necessary for the better decision of the appeal," meaning the transcript of evidence and documents in the original form.

On November 30, 1965, the attorney designated by the court to represent plaintiff-appellant went for the second time before the Mayagüez Part, informing it that the documents for the review had been sent to this Court except the short brief in support of the petition for review and that he had requested this Court for an extension of thirty days after receiving the transcript of evidence in order to submit the short brief, since without the transcript of evidence he could not file his short brief, and requesting the trial court to order the transcript of all the evidence free of cost as it is commonly done in the litigation of the poor. On December 3, 1965, the trial court decided this second motion in the following terms: "To wait for pronouncement of the Supreme Court on the petition filed by Mr. Galiano and then pass on this motion."

On February 7, 1966, after giving an account of the acts performed until November 30, 1965, in the trial court of Mayagüez, plaintiff-appellant's attorney requested this Court for an extension of thirty days "as of the termination of the transcript of evidence so that the Superior Court, Mayagüez Part, may order then the transcript of the record in forma pauperis and the undersigned attorney be able to assign the errors, argue them and perfect the brief." On March 11, 1966, this Court ordered petitioner to justify the need for such transcript and to indicate the parts of the evidence supporting his assignment of errors. Plaintiff-appellant's answer was the filing, on April 15, 1966, of her

short brief in support of her petition for review.

After said brief was filed, and without the transcript of evidence having been filed, on June 2, 1966, as requested by plaintiff-appellant, this Court, after examining the findings of fact and conclusions of law of the judge, and the assignment of errors of the brief, decided to review the judgment. The transcript of evidence not having been filed, on August 18, 1966, we granted appellant a term of ten days, as of the date of service of order, to show cause why the proceeding should not be dismissed for abandonment. On August 23, 1966, plaintiff-appellant appeared to submit the case, alleging further: that on April 11, 1966, a brief assigning and discussing the errors was sent to this Court and "that besides, with the aforesaid brief we justify before said Court the need for the transcript of the record of the case as previously requested" for which reason "we pray this Court to reverse, after examining the brief already submitted, the judgment rendered by the Superior Court, Mayagüez Part and enter a new judgment sustaining the complaint filed by Lydia Mercado Seda against José Manuel [sic] Rivera Vera." All these steps, those taken by this Court, as well as those taken by plaintiff-appellant were notified to defendant-appellee without objection or any argument against it. For that reason, on August 29, 1966, this Court considered the case as submitted on the short brief filed by plaintiff-appellant in order to support the issuance of the writ.

In the statement of the case made in plaintiff-appellant's brief, the following facts are considered proved: "Plaintiff introduced in evidence the birth certificate of the minor plaintiff. Lydia Mercado Seda and defendant, José Miguel Rivera Vera, made their acquaintance at a photo studio belonging to the latter located on San Vicente Street in Mayagüez, Puerto Rico. Defendant operated his photo studio and thus paid for his studies at the College of Agriculture and Mechanic Arts of Mayagüez. The cameras of the photo

studio were at the front part of the premises and at the back defendant had a room with a bed . . . where he lived alone. Both were single. Plaintiff described in detail defendant's room; she testified that there was a bed . . . a cot, a bathroom with a toilet and washstand. In that room defendant had all his personal appurtenances and textbooks. Lydia visited this place where she had sexual relations with defendant. These relations lasted for several months, from July to October 1963. Lydia became pregnant and gave birth to the girl Blanca Rosa Mercado, the plaintiff, on June 10, 1964, in the Municipal Hospital of Mayagüez. Defendant mentioned the fact that defendant was accused of abandonment of minors and had been acquitted. This point was objected by plaintiff but it was overruled. Plaintiff testified that defendant had told her that he was going to acknowledge the daughter, but never did it. Defendant denied each and every one of the facts, but admitted that he met plaintiff as a result of his commercial relations in the photo studio."

Let us turn now to the analysis of the same evidence shown by the findings of fact of the trial court: "Lydia Mercado Seda gave birth to a girl, plaintiff, Blanca Rosa Mercado, on June 10, 1964, in the Municipal Hospital of Mayagüez. At the time of conception she was a single woman. However she had another daughter, five years old at that time, named Vivian María Cruz Mercado, begotten by another man out of wedlock. At the time of Lydia Mercado Seda's pregnancy, the defendant, José Miguel Rivera Vera, was a student and supported himself with the income produced by a photo studio. He operated it in a small house under the name of *Fotografía San Vicente*. The photo studio was located on the front part of the small house and he lived in the back. At the time of plaintiff's birth (June 10, 1964) defendant was in the United States. Defendant never contributed to the support of the girl. He was accused of abandonment of minors before the District Court. The trial

was held in October 1964, when the child was three months old. He was acquitted. There is no proof that during the pregnancy and at the time of the girl's birth, Lydia Mercado Seda and José Miguel Rivera Vera lived in concubinage or were known to be living in concubinage. This fact does not exclude the possibility that defendant might be the father of the minor because he could have cohabited with plaintiff's mother without living together in the same house and in concubinage. Also there was no proof of any act of acknowledgment of the girl on the part of the defendant or any relative. There was none, either, that the defendant contributed to the support of the girl. On the contrary, the evidence introduced shows that defendant never contributed and that he was acquitted when the minor's mother accused him of abandonment of minors some weeks after the girl was born. The fact of the accusation and of the acquittal has not influenced in any manner this trier's mind. The evidence is entirely contradictory. Plaintiff testified that when the girl was born he was attentive to her and intended to register her birth having gone personally to the office of the Registry of Vital Statistics here in Mayagüez for that purpose but he was unable to register her birth because the term for doing it had prescribed. However, defendant testified that at the time of the girl's birth he was in New York and denied having attempted to register her as his daughter. Plaintiff did not try to rebut the fact that defendant was in New York when the girl was born nor, knowing the importance of that fact which could establish by itself the defendant's intent, did she call the employee of the Registry of Vital Statistics who refused to register the child's birth on the ground that the term to do so had elapsed, to testify in court. Also the name of said employee was not mentioned nor were steps taken to identify him so that the court could have summoned him."

The absence of the transcript of evidence might seem strange, sufficient enough to dismiss this appeal. However, it should be recalled that on March 11, 1966, we ordered plaintiff-appellant to justify "the need for said transcript and to indicate the parts of the evidence justifying the assignment of errors." On April 15, plaintiff-appellant filed a brief which begins as follows: "Now comes plaintiff-appellant in this case and before this Court respectfully sets forth the following grounds in support of the petition for review and *with this brief appellant justifies the need for the transcript of evidence.*" It should likewise be recalled, that on February 11, 1966, to be effective 60 days after May 31, 1966, this Court amended Rule 53.4-2 of the Rules of Civil Procedure, concerning the evidence which can be submitted with the petition or opposition, which provides: "The Supreme Court may, in its discretion, and upon verification of the necessity therefor, permit appellant in the petition for review or for certification, or the adverse party in answering the same, to submit, within the term granted therefor, if he has not enclosed it with his petition or with the rebuttal, a total or partial transcript of the oral evidence, or of the statement of facts or of the statement of the case, and the documentary evidence, or copy thereof, that might have been before the consideration of the Superior Court." It should also be recalled that on December 3, 1965, the trial court of Mayagüez had refused to authorize the entire transcript of evidence until there was "pronouncement of the Supreme Court on the petition filed by Mr. Galiano" on November 24, 1965. At last, it cannot be denied that the Division of this Court, which finally issued the writ, did it without the transcript of evidence having been attached to the petition, no doubt, impressed by the new requirement as to the necessary evidence which contained the analysis of the facts of the trial court and without deciding on its former request of the part of the evidence needed to decide the issue on the merits.

■■ All this might create an injustice which should be remedied, particularly when it is a question of a litigation of the poor which requires the exercise of a different degree of authority of all the judges who intervene in the review proceeding in order to see that the ends of justice be attained and further in the case of a minor, up to a certain point, under our guardianship since the eminent patria potestas over the minors in need of justice is entrusted to the judges of Puerto Rico. We believe that the best solution of this matter is for us to request directly to the trial court of Mayagüez, to send to us, out of turn and without payment of fees, the transcript of the entire evidence and the documents presented in the case in order to consider the question on the merits.

For the reasons stated the case will be left pending until the documents needed for the review are complete.